THE CIT GROUP/COMMERCIAL SERVICES, INC., PLAINTIFF v. JODY B. VITALE, DEFENDANT

No. COA01-251

(Filed 19 February 2002)

**Evidence— hearsay—business records exception**

The trial court did not err in a breach of contract action by admitting into evidence an exhibit entitled "Inventory Certification" under the business records exception to the hearsay rule in N.C.G.S. § 8C-1, Rule 803(6) even though the testimony of the custodian of the business record was used rather than the person who prepared the record, because: (1) the in-court testimony of the person who prepared the business record is not required; and (2) the use of a custodian's testimony or other qualified witness to establish a foundation for admission of the record is expressly permitted by the rule.

Appeal by defendant from judgment entered 24 August 2000 by Judge Beverly T. Beal in Mecklenburg County Superior Court. Heard in the Court of Appeals 29 January 2002.

*Shumaker, Loop & Kendrick, L.L.P., by Frederick M. Thurman, Jr., for plaintiff-appellee.*

*Newitt & Bruny, by Roger H. Bruny, for defendant-appellant.*

TYSON, Judge.

## I. Facts

Jody B. Vitale ("defendant") personally guaranteed payment of certain debts of Trendline Home Fashions, Inc. ("Trendline"). The CIT Group/Commercial Services, Inc. ("plaintiff") loaned to Trendline the sum of $4,500,000.00, pursuant to a Loan and Security Agreement ("Security Agreement"). The Security Agreement was amended four times. After continuing defaults by Trendline, plaintiff accelerated the obligations, and made demand upon defendant for payment of the limited amount in the Limited Guaranty Agreement ("Guaranty Agreement") executed by defendant on 4 August 1997. The limited amount in the Guaranty Agreement is defined as:

"Limited Amount" shall mean, as at any date of determination thereof, that portion of the Obligations owing by the Borrower

[Trendline] to the Lender [plaintiff] equal to (i) sixty percent (60%) of the value of the Borrower's Eligible Inventory at such date, minus (ii) forty percent (40%) of the value of the Borrower's Eligible Inventory at such date, in each case calculated on the basis of lower or cost or market with cost calculated on a first-in, first-out basis.

After defendant refused to pay the limited amount, plaintiff filed suit for breach of the Guaranty Agreement on 4 May 1999. Defendant moved for a directed verdict at the close of plaintiff's evidence and again at the close of all the evidence. Both motions were denied by the trial court. The parties stipulated the issues to be submitted to the jury.

After judgment was entered in favor of plaintiff, defendant moved for judgment notwithstanding the verdict, or in the alternative, for a new trial. The trial court denied defendant's motion. Defendant appeals. We hold there was no error at trial.

## II. Issues

The only question raised on appeal is whether the trial court erred in admitting into evidence an exhibit entitled "Inventory Certification" pursuant to the business records exception to the hearsay rule found in N.C.G.S. § 8C-1, Rule 803(6).

Defendant also assigned error to the denial of his motions for a directed verdict and judgment notwithstanding the verdict, or in the alternative, a new trial. Defendant fails to argue these assignments of error in his brief. They are deemed abandoned pursuant to N.C. R. App. P. 28(b)(5) (1999).

Defendant argues that plaintiff failed to lay a proper foundation for admission of the Inventory Certification within the business records exception to the hearsay rule. Rule 803(6) allows records to be admitted into evidence if: (1) it is a record of acts, events, or conditions, (2) it is made at or near the time [of the act, event, condition], (3) it is made by a person with knowledge, (4) it is kept in the regular course of business, (5) it is the regular practice of that business to make such a record, and (6) such is shown by the testimony of the custodian or other qualified witness. N.C. Gen. Stat. § 8C-1, Rule 803(6) (1999).

Defendant does not challenge the trustworthiness of the document. The trial court noted in its findings of fact that the parties

stipulated to the authenticity of the document. Defendant's contention is an attempt to demand what Rule 803(6) expressly does not require: the in-court testimony of the person who prepared the business record.

Rule 803(6) expressly permits the use of a custodian's testimony to establish a foundation for admission of the record. *State v. Woods*, 126 N.C. App. 581, 590, 486 S.E.2d 255, 260 (1997). The rule does not require that this foundation be established by an employee of Trendline. *Id.* Under Rule 803(6) the record is admissible, once the proper foundation for admission is established "by the testimony of the custodian or other qualified witness." *Id.*; *see also* N.C. Gen. Stat. § 8C-1, Rule 803.

Defendant testified that Trendline was required to furnish plaintiff with inventory reports on a weekly or monthly basis. Defendant further testified that he delegated the duty of preparing and forwarding the inventory reports to Mark Slagg. Gordon Jones testified on *voir dire* that he worked for plaintiff and was in charge of Trendline's account. Mr. Jones further testified that: (1) he regularly received monthly inventory certifications from Trendline, (2) each certification was signed by Mark Slagg, and (3) the inventory certifications were required as part of Trendline's Security Agreement.

The trial court found that the Inventory Certification, dated December 3, 1997, was prepared in the regular course of business by Trendline for the specific purpose of satisfying its obligation under the Security Agreement, that the document was obtained by plaintiff in the regular course of its business and made a part of its operating documents relative to this case, that it was relevant, that authenticity had been stipulated too, and that the probative value outweighs any undue prejudice.

We agree that the Inventory Certification was admissible under Rule 803(6). In *State v. Wilson*, 313 N.C. 516, 533, 330 S.E.2d 450, 462 (1985), our Supreme Court held that "business records made in the ordinary course of business at or near the time of the transaction involved are admissible as an exception to the hearsay rule if they are authenticated by a witness who is familiar with them and the system under which they are made." The authenticity of such records may be established by circumstantial evidence and there is no requirement that the records be authenticated by the person who made them. *Id.* "[I]f the records themselves show that they were made at or near the

time of the transaction in question, the authenticating witness need not testify from personal knowledge that they were made at that time." *Id.* The determination of whether or not evidence should be excluded pursuant to Rule 403 is a matter within the discretion of the trial court. *Reis v. Hoots,* 131 N.C. App. 721, 727-28, 509 S.E.2d 198, 203 (1998).

### III.  Conclusion

We hold that plaintiff laid a proper foundation for admission of the Inventory Certification through the testimony of Gordon Jones, the custodian of the record. We also hold that the Inventory Certification met all requirements to be admitted into evidence under the business records exception to the hearsay rule.

No error.

Judges GREENE and HUNTER concur.